UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVIN CHRISTMAS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:20-CV-617-RLM-MGG |

OPINION AND ORDER

Alvin Christmas, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary sanctions in case ISP20-05-0099 where a Disciplinary Hearing Officer found him guilty of possessing an intoxicating substance in violation of Indiana Department of Correction offense B-231. According to the petition, Mr. Christmas didn't lose any earned credit time[1] because his sanction was suspended until June 20, 2020, and it was never imposed. Id.; see also ECF 1-1 at 4. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding if it results in the lengthening of the duration of confinement. Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). Because the suspended sanction

---

[1] He was not demoted in credit class.

was not imposed, this disciplinary hearing didn't lengthen the duration of Mr. Christmas's confinement. Thus, habeas corpus relief isn't available to Mr. Christmas. See Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254.").

For these reasons, the habeas petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4. The clerk is DIRECTED to close this case.

SO ORDERED on July 27, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT