UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVIN CHRISTMAS,<br><br>                    Petitioner,<br><br>     v.<br><br>WARDEN,<br><br>                    Respondent. | CAUSE NO.: 3:20-CV-617-RLM-MGG |

OPINION AND ORDER

Alvin Christmas, a prisoner without a lawyer, filed a motion to reconsider the dismissal of his habeas corpus petition. The motion is unsigned. Federal Rule of Civil Procedure 11(a) requires that every filing be signed and rightfully so. After all, the court must be assured that a filing is authored by the person claimed in the document. Therefore, the court will STRIKE the motion (ECF 6) pursuant to Rule 11(a).

Even if the motion was signed, it would be denied. Mr. Christmas's habeas petition was dismissed because his suspended sanction was never imposed, so the disciplinary hearing didn't result in the lengthening of the duration of his confinement. See Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254."). The motion for reconsideration doesn't dispute that the suspended sanction was never imposed. Rather, Mr. Christmas argues that he "still received punishment for something that didn't happen" because he "suffered also an added sanction of

1-year loss of contact visitation." ECF 6 at 2. The loss of visitation does not implicate the duration of confinement. See Zimmerman v. Davis, 90 Fed. Appx. 157, 159–60 (7th Cir. 2004) ("A restriction of visitation is unrelated to the length of his custody, and the Supreme Court has held that habeas corpus relief is unavailable if the challenge is unrelated to the fact or length of custody.") (citing Preiser v. Rodriguez, 411 U.S. 475, 489–90 (1973); Montgomery v. Anderson, 262 F.3d 641, 643–644 (7th Cir. 2001)). So even if the motion (ECF 6) wasn't being stricken, it would be DENIED.

    SO ORDERED on August 19, 2020

                                           s/ Robert L. Miller, Jr.
                                           JUDGE
                                           UNITED STATES DISTRICT COURT